LAVERNE MICHALAK, District Attorney Trempealeau County
You request my opinion regarding the powers of a part-time court commissioner who is not a licensed attorney but is an official *Page 40 
court reporter. The individual was originally appointed as court commissioner on February 1, 1974, by the County Judge for Trempealeau County, Albert L. Twesme, with approval of Circuit Judge Merrill R. Farr. The individual was again appointed as court commissioner on August 1, 1978, by order of then Circuit Judge Twesme, who also approved the appointment as Chief Judge of the District 7 Judicial Administrative District. On January 19, 1981, Judge Twesme, acting in his capacity as both Circuit and Chief Judge, issued and approved an order delegating to the individual court commissioner the powers specified in section757.69 (1)(b), Stats.
You specifically inquire whether a part-time court commissioner who is not licensed as an attorney has power to issue arrest or search warrants and conduct initial appearances pursuant to authority delegated under section 767.69 (1)(b).
It is my opinion that such a commissioner does not have these powers. Section 757.69 (1)(b) provides, in material part:
 (1) On authority delegated by a judge, which may be by a standard order, and with the approval of the chief judge of the judicial administrative district, a court commissioner appointed under s. 757.68 may:
. . . .
 (b) In criminal matters issue summonses, arrest warrants or search warrants and conduct initial appearances of persons arrested and set bail to the same extent as a judge.
In the instant case, the court commissioner was originally appointed in 1974 pursuant to section 252.14 (1), Stats. (1973), to a term which, "unless removed by the judge, shall continue until the expiration of the term of the judge who appointed him and until the successor of such commissioner is appointed and qualified."
Under section 252.15, Stats. (1973), court commissioners, whether or not licensed attorneys, did not have power to issue warrants or preside over initial appearances in criminal cases. Chapter 252 was renumbered to chapter 753 of the statutes by section 92 of chapter 187, Laws of 1977. Section 753.14 (1) was then amended and renumbered to section 757.68 (2) by section 7 of chapter 323, Laws of 1977. *Page 41 
Section 757.68 (2) in essentially its current form became effective May 16, 1978, and requires court commissioners appointed after that date to be attorneys, except court reporters who may perform only certain duties. Section 757.68 (2) currently provides in material part:
 All court commissioners appointed after May 16, 1978, other than official court reporters acting under s. 814.68 (1) (b) performing duties or exercising powers specified for court reporters, shall be attorneys licensed to practice in this state. The appointing judge may remove, at will and without cause, any court commissioner appointed by the judge or the judge's predecessor in office. Unless he or she is so removed, the term of each court commissioner shall continue until the expiration of the term of the appointing judge and until the successor of the commissioner is appointed and qualified.
The only change in section 757.68 (2) since 1978 was in the cross reference, replacing "s. 757.71 (2)(b)" with "814.68 (1)(b)." See ch. 317, sec. 2202, Laws of 1981. Section 814.68
(1)(b) which was recreated by chapter 317, Laws of 1981, establishes fees to be charged by a part-time court commissioner, and is similar in content to former section 757.71 (2)(b), Stats. (1979), and provides:
 (b) For the following duties performed by a part-time court commissioner held in the county courthouse or other court facilities provided by law, reasonable compensation as fixed by the court but not more than the hourly equivalent of the salary of a judge of the court:
 1. Every attendance upon the hearing of any motion for an order which a court commissioner is authorized to grant and for attendance upon any motion or an official act to be done by the court commissioner.
 2. Conducting a hearing and deciding on the issuance of a writ of habeas corpus, certiorari, ne exeat and alternate writs of mandamus.
 3. Attendance upon the taking of testimony or examination of witnesses in any matter held outside the county courthouse or other court facilities provided by law, whether acting as a referee or otherwise. *Page 42 
In my opinion an official court reporter who is not licensed as an attorney can be appointed as part-time court commissioner after May 16, 1978, but is limited in the powers he or she may exercise to those set forth under section 814.68 (1)(b)and those which other statutes provide are within the duties or powers specified for court reporters. Such powers and duties would not include the issuance of warrants and conducting initial appearances in criminal matters.*
In the instant case, the official court reporter was reappointed as court commissioner by judicial order on August 1, 1978. Because this appointment occurred after the effective date of section 757.68 (2), such appointment is certainly governed by that statute.
It is my opinion that the term of the part-time court commissioner which began on February 1, 1974, terminated on August 1, 1978, when Circuit Judge Twesme, acting pursuant to section 757.68 (2), in effect removed such person from office and appointed that person again for a new term. Since the new appointment is governed by section 757.68 (2), and the court commissioner is an official court reporter but not a licensed attorney, the appointee's powers as court commissioner are limited to those set forth under section 814.68 (1)(b) and those which other statutes provide are within the duties of powers specified for court reporters. Again, such powers and duties would not include the issuance of warrants and conducting initial appearances in criminal matters.
Even had the court commissioner's term not expired by reappointment, I do not believe a non-attorney can legally issue criminal warrants or conduct initial appearances. The authority of court commissioners is strictly defined and limited by statute. The provisions of section 757.68 (2) appear to demonstrate the Legislature's clear intention that only attorneys can exercise the expanded duties of court commissioners under section 757.69 (1). It would seem that a non-attorney who was appointed court commissioner before the duties were expanded does not have the powers now limited to attorney court commissioners merely because his term never expired. *Page 43 
This would appear contrary to the language of the statute and the intent of the Legislature.
BCL:RJV:TH
* In so concluding, I express no opinion as to the validity of past warrants issued and initial appearances conducted by non-attorney court commissioners.